Hongchang Deng (*pro hac vice*)
Yi Yi (*pro hac vice*)
Xiangru Chen (*pro hac vice*)
LawMay P.C.
2108 N Street, Suite 9124
Sacramento, CA 95816
Telephone: (267) 888-8281
rdeng@lawmayus.com
yiyi@lawmayus.com
xiangru.chen@lawmayus.com

*Counsel for Plaintiff Shenzhen Huajing*

*International Trade Co., Ltd.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Shenzhen Huajing International Trade Co., Ltd.,<br><br>                    Plaintiff,<br><br>v.<br><br>THE GREASE BOX LLC,<br><br>                    Defendant. | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**<br><br>**DEMAND FOR A JURY TRIAL** |

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Shenzhen Huajing International Trade Co., Ltd. ("Huajing" or "Plaintiff"), by and through its undersigned counsel, brings this action against Defendant The Grease Box LLC ("Grease Box" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action that seeks various forms of relief due to Defendant's bad faith assertions of patent infringement against Plaintiff.

2. This is an action for: (i) a declaratory judgment of non-infringement of U.S. Patent No. 11,812,895 B2 (the "'895 Patent" or "Asserted Patent"), pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35 of the United States Code; and (ii) tortious interference with prospective economic advantage and/or contractual relationships under applicable state law. A true and correct copy of the '895 Patent is attached hereto as **Exhibit 1**.

3. This is also an action for a judgment that Defendant has violated Arizona Revised Statutes ("A.R.S.") §§ 44-1421 et seq. (the Patent Troll Prevention Act) (the "PTPA") and A.R.S. §§ 44-1521 et seq. (the Arizona Consumer Fraud Act) (the "ACFA") by making bad faith assertions.

4. Defendant has made baseless assertions that Plaintiff infringed its '895 Patent, which directly resulted in Amazon's improper removal of Plaintiff's product listings

COMPLAINT FOR DECLARATORY JUDGMENT

and caused Plaintiff to suffer substantial harm. Defendant's infringement allegations lack merit. After Defendant improperly filed a patent infringement complaint with Amazon that led to the takedown, Plaintiff proactively contacted Defendant and provided a detailed non-infringement explanation. Despite this, Defendant continued to stand by its meritless claims and refused to withdraw the Amazon complaint. Throughout the correspondence, Defendant failed to meaningfully address Plaintiff's non-infringement arguments and provided no evidence of having conducted a substantive analysis or comparison addressing Plaintiff's positions. Judgment is therefore also appropriately entered in Plaintiff's favor and against Defendant under the PTPA and the ACFA.

## PARTIES

5. Plaintiff Huajing is a limited company organized and existing under the laws of the People's Republic of China, with its principal place of business located at Room A402, Jinwen Pavilion, Building 1, Phase II, Jinguan Huacheng Yajingyuan, No. 88, Hongmian 1st Road, Huale Community, Henggang Street, Longgang District, Shenzhen, Guangdong Province, China. Huajing is engaged in the sale of grease buckets for use with outdoor cooking devices. Huajing sells such products in the United States through its Amazon storefront under the name VattaFrast.

6. Upon information and belief, Defendant The Grease Box LLC ("Grease Box") is a limited liability company organized and existing under the laws of the United

COMPLAINT FOR DECLARATORY JUDGMENT

States, with its principal place of business located at 19848 N Cave Creek Rd, Phoenix, Arizona 85024, United States. Grease Box is the listed owner or assignee of the '895 Patent.

## JURISDICTION & VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

8. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. The Court has personal jurisdiction over Defendant based on information and belief that Defendant is domiciled in Arizona and within this judicial district.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because Defendant resides in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

11. Plaintiff previously filed a related action against Defendant in the United States District Court for the Western District of Washington, Case No. 2:25-cv-01300-JNW. That court granted Defendant's motion to dismiss for lack of personal jurisdiction and dismissed the action without prejudice to refiling in an appropriate venue. Plaintiff now brings this action in this District, where Defendant resides and where personal jurisdiction and venue are proper.

## FACTUAL BACKGROUND

12. Plaintiff sells grease bucket products for outdoor cooking devices in the

COMPLAINT FOR DECLARATORY JUDGMENT

United States through its Amazon storefront under the brand name VattaFrast.

13. The grease bucket products at issue in this action are listed under the following Amazon Standard Identification Numbers ("ASINs"): B0DJFNG1DP, B0DNSP3TFJ, B0DSVQ4SND, and B0DJBB85FK (collectively, the "Accused Products").

14. On or about February 3, 2025, Plaintiff received a "Notice: Policy Warning" email from Amazon.com stating that the Accused Products were removed due to a report from a rights owner alleging patent infringement. The removed Accused Products are key listings in Plaintiff's U.S. business operations. *See* Exhibit 2.

15. Plaintiff later discovered that, in or around November 2024, Defendant submitted a complaint under Amazon's Patent Evaluation Express (APEX) program against the Accused Product ASIN B0DJBB85FK, alleging infringement of U.S. Patent No. 11,812,895 B2. Pursuant to Amazon's APEX procedures, Plaintiff's ASIN B0DJBB85FK was removed as a result of Defendant's complaint. *See* Exhibit 3.

16. The Amazon marketplace constitutes Plaintiff's primary channel for sales into the United States. The delisting of the Accused Products has denied Plaintiff access to its core market and caused significant disruption to its business.

17. Upon information and belief, Defendant also operates a storefront on Amazon.com under the brand name THE GREASE BOX, through which it sells grease bucket products that compete directly with Plaintiff's products. Defendant and

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff thus operate in the same commercial space, targeting the same consumer base.

18. On or about February 17, 2025, Plaintiff, through legal counsel, contacted Defendant, provided a detailed non-infringement analysis of the Accused Products, and formally requested that Defendant withdraw its Amazon complaint. Plaintiff also expressed a willingness to explore settlement to minimize damages and resolve the matter swiftly. See Exhibit 4.

19. Despite Plaintiff's good-faith efforts, Defendant has not withdrawn its complaint, nor acknowledged Plaintiff's non-infringement position. Defendant has failed to substantively analyze, or engage with Plaintiff's detailed non-infringement analysis, and has provided no claim comparison. As a result, Plaintiff's products remain delisted from Amazon, causing ongoing and substantial commercial harm, including lost sales, reputational damage, and the loss of access to its primary U.S. sales platform.

20. The '895 Patent, titled "*Grease containment systems*," was filed on August 4, 2020, and issued on November 14, 2023, and lists Amy Beaumont and Markus Dale Hillman as inventors. The assignee of the '895 Patent is The Grease Box LLC. The '895 Patent purports to disclose a system designed to collect grease from outdoor cooking devices such as grills and smokers, featuring a two-part enclosure and a receptacle support structure within the lower portion of the enclosure.

21. The only two independent Claims of the '895 Patent are Claim 1 and Claim

COMPLAINT FOR DECLARATORY JUDGMENT

16.

22. Independent Claim 1 of the '895 Patent recites as follows:

"A system, relating to catching fluid drainage from an outdoor cooking device in an outdoor environment, comprising:

a) at least one receptacle structured and arranged to receive and collect fluid draining from the outdoor cooking device generated by food cooking within a cooking enclosure of the outdoor cooking device; and

b) an enclosure structured and arranged to enclose said at least one receptacle;

c) wherein said enclosure comprises:

an upper portion comprising a top and side walls;

a lower portion comprising a bottom and side walls surrounding the at least one receptacle, the lower portion being separable from the upper portion;

at least one receptacle support within the lower portion of the enclosure, the at least one receptacle support structured and arranged to support said at least one receptacle;

at least one mount comprising a mounting flange extending outwardly from the upper portion of the enclosure, the mounting flange comprising a drain mount configured to mount the enclosure

COMPLAINT FOR DECLARATORY JUDGMENT

to a drain of the outdoor cooking device;

d) wherein said enclosure comprises at least one insulation layer between said receptacle and the side walls; and

e) wherein said enclosure is directly exposed to the outdoor environment while mounted to the drain of the outdoor cooking device."

23. Independent Claim 16 of the '895 Patent recites as follows:

"A system, relating to catching fluid drainage from an outdoor cooking device in an outdoor environment, comprising:

a) the outdoor cooking device;

b) at least one receptacle structured and arranged to receive and collect fluid draining from said outdoor cooking device generated by food cooking within a cooking enclosure of said outdoor cooking device; and

c) an enclosure structured and arranged to enclose said at least one receptacle;

d) wherein said enclosure comprises:

an upper portion comprising a top and side walls;

a lower portion comprising a bottom and side walls surrounding the at least one receptacle, the lower portion being separable from the upper portion;

at least one receptacle support within the lower portion of the

COMPLAINT FOR DECLARATORY JUDGMENT

enclosure, the at least one receptacle support structured and arranged to support said at least one receptacle;

at least one mount comprising a mounting flange extending outwardly from the upper portion of the enclosure, the mounting flange comprising a drain mount configured to mount the enclosure to a drain of the outdoor cooking device;

e) wherein said enclosure comprises at least one insulation layer between said receptacle and the side walls;

f) wherein at least one wall of said walls comprises at least one thermal vent structured and arranged to vent heat from the fluid collected in said at least one receptacle out of said enclosure;

g) wherein said at least one thermal vent comprises at least one damper structured and arranged to dampen air flow through said enclosure; and

h) wherein said enclosure is directly exposed to the outdoor environment while mounted to the drain of said outdoor cooking device.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '895 Patent)

24. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

25. The manufacture, use, offer for sale, sale, and/or importation of the Accused

COMPLAINT FOR DECLARATORY JUDGMENT

Products have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '895 Patent.

26. The Accused Products do not infringe independent Claim 1 of the '895 Patent, as they lack at least the following limitation: "at least one receptacle support within the lower portion of the enclosure, the at least one receptacle support structured and arranged to support said at least one receptacle," and "a lower portion comprising a bottom and side walls surrounding the at least one receptacle." In the Accused Products, the receptacle is supported directly by the bottom of the enclosure, and there is no separately structured internal component serving as a receptacle support. *See* FIG. 1 below.

COMPLAINT FOR DECLARATORY JUDGMENT

| The '895 Patent | The Accused Products |
|---|---|
|  | |

**FIG. 1**

27. The Accused Products do not infringe independent Claim 1 of the '895 Patent because they lack at least the following limitations: "an upper portion comprising a top and side walls" and "at least one mount comprising a mounting flange extending outwardly from the upper portion of the enclosure, the mounting flange comprising a drain mount configured to mount the enclosure to a drain of the outdoor cooking device." In the Accused Products, the upper portion consists of only a top without any side walls and therefore does not constitute an "upper portion" as recited in Claim 1. *See* FIG. 2 below.

| The '895 Patent | The Accused Products |
|---|---|

COMPLAINT FOR DECLARATORY JUDGMENT



**FIG. 2**

28. The Accused Products also do not meet the limitation of Claim 1(d), which requires "at least one insulation layer between said receptacle and the side walls." In the Accused Products, there is no "insulation layer" present. The receptacle is supported directly by the bottom surface of the enclosure and is in direct contact with it, without any insulation layer. This configuration is materially different from the structure described in Claim 1 of the '895 Patent and contradicts the Applicant's own statements made during prosecution regarding the claimed insulation structure. *See* FIG. 3 below.

| The '895 Patent | The Accused Products |
| --- | --- |

COMPLAINT FOR DECLARATORY JUDGMENT



**FIG. 3**

29. Likewise, the Accused Products do not infringe independent Claim 16 of the '895 Patent. Claim 16 contains limitations materially similar to those of Claim 1. As discussed above, the Accused Products lack multiple limitations of Claim 1, and thus necessarily fail to meet the requirements of Claim 16.

30. In addition, the Accused Products do not satisfy at least the following limitations of Claim 16: "f) wherein at least one wall of said walls comprises at least one thermal vent structured and arranged to vent heat from the fluid collected in said at least one receptacle out of said enclosure" and "g) wherein said at least one thermal vent comprises at least one damper structured and arranged to dampen air flow through said enclosure." The Accused Products include neither a thermal vent nor a damper as

COMPLAINT FOR DECLARATORY JUDGMENT

required by these limitations.

31. Plaintiff's non-infringement position is further supported by established claim construction principles. If Defendant were to argue that the bottom of the enclosure alone constitutes the claimed "receptacle support," such an interpretation would lack both factual and legal basis. Claim 1 of the '895 Patent explicitly describes the "bottom" and "one receptacle support" as distinct components, indicating that they are not one and the same. Courts have consistently held that when claim language recites elements separately, they must be interpreted as referring to distinct structural components. See *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010) ("[T]he clear implication of the claim language is that the listed components are distinct.") (internal quotation marks omitted). Because the Accused Products contain no separately structured receptacle support apart from the bottom surface of the enclosure, they do not satisfy this limitation under a proper construction of the claim.

32. An actual, substantial, and immediate controversy exists between Plaintiff and Defendant concerning the alleged infringement of the '895 Patent, which warrants judicial resolution pursuant to 28 U.S.C. §§ 2201 and 2202.

33. Plaintiff is entitled to a declaratory judgment that the Accused Products have not infringed and do not infringe any valid or enforceable claim of the '895 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT

## COUNT II

### (Tortious Interference with Existing and Potential Business Relationships)

34. Plaintiff incorporates by reference and realleges all preceding paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff has existing and ongoing business relationships with customers in the United States through its Amazon storefront under the brand name VattaFrast, through which it markets and sells the Accused Products.

36. Plaintiff also had reasonable expectations of entering into additional commercial relationships with new and prospective customers through its Amazon platform, including continued sales and expansion of its product lines in the grease bucket market.

37. Defendant was aware, or reasonably should have been aware, of Plaintiff's existing and prospective business relationships. Upon information and belief, Defendant operates a storefront on Amazon under the name THE GREASE BOX and sells competing grease-collection products. Accordingly, Defendant was in direct competition with Plaintiff and had knowledge of Plaintiff's presence in the relevant product category.

38. On or about November 2024, Defendant initiated an infringement complaint under Amazon's APEX program, asserting that the Accused Products infringed the '895 Patent. A copy of Amazon's warning notice to Plaintiff regarding this

COMPLAINT FOR DECLARATORY JUDGMENT

complaint is attached as Exhibit 3.

39. Amazon delisted several of Plaintiff's Accused Product listings on or about February 3, 2025 because of Defendant's complaint. A true and correct copy of the delisting notice from Amazon is attached as Exhibit 2.

40. Immediately after discovering the delisting, Plaintiff—through counsel—contacted Defendant and provided a detailed non-infringement analysis explaining that the Accused Products do not meet the limitations of the '895 Patent, including the required presence of a "receptacle support" separate from the enclosure bottom. Plaintiff requested that Defendant withdraw the Amazon complaint and also expressed a willingness to resolve the matter amicably. A copy of the letter sent to Defendant is attached as Exhibit 4.

41. Despite being presented with facts and analysis showing that the Accused Products do not infringe the '895 Patent, Defendant refused to withdraw its complaint. Defendant has failed to substantively analyze, or engage with Plaintiff's detailed non-infringement analysis, and has provided no claim comparison. As a result, Plaintiff's products remain delisted from Amazon, causing ongoing and substantial commercial harm, including lost sales, reputational damage, and the loss of access to its primary U.S. sales platform. Upon information and belief, Defendant's continued assertion was not based on a good faith belief in infringement, but was instead intended to interfere with Plaintiff's Amazon-based sales and eliminate market competition.

COMPLAINT FOR DECLARATORY JUDGMENT

42. Defendant's conduct intentionally and unjustifiably disrupted Plaintiff's ongoing and potential commercial relationships. Defendant's actions constitute tortious interference with business expectancies.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant and escalating harm, including substantial lost sales, lost platform visibility, lost access to customers, and reputational damage. Portions of Plaintiff's inventory were forcibly discarded by Amazon following the takedown, resulting in permanent loss of product value and additional disposal fees.

44. Plaintiff had invested substantial resources into building each product listing, including hundreds of dollars in daily advertising to generate traffic and sales momentum. The removal of the listings not only halted revenue but also irreversibly erased the accumulated sales history, customer engagement metrics, and algorithmic weight—making it effectively impossible to return to the prior commercial position even if the listings were reinstated.

45. Critically, the delisted Accused Products comprise Plaintiff's sole product offering and the cornerstone of its VattaFrast Amazon storefront, which serves as Plaintiff's primary sales channel into the U.S. market. Without these listings, Plaintiff's entire business has been brought to a standstill. As a result of Defendant's wrongful and continued refusal to withdraw its complaint, Plaintiff faces not just lost revenue, but irreparable harm to its brand equity, customer relationships, and

COMPLAINT FOR DECLARATORY JUDGMENT

commercial viability. The VattaFrast storefront now faces imminent and potentially permanent closure.

## COUNT III

### (Violation of Arizona Patent Troll Prevention Act and Arizona Consumer Fraud Act – A.R.S. §§ 44-1421 et seq. and A.R.S. §§ 44-1521 et seq.)

46. Plaintiff incorporates by reference and realleges all preceding paragraphs of this Complaint as if fully set forth herein.

47. Defendant The Grease Box LLC has made bad faith assertions of patent infringement against Plaintiff by filing an APEX complaint with Amazon alleging that Plaintiff's products infringe the '895 Patent.

48. Defendant's APEX complaint resulted in Amazon delisting Plaintiff's key product listings, thereby causing substantial commercial harm, including loss of sales, reputational injury, inventory disposal, and loss of access to Plaintiff's primary U.S. sales platform.

49. Despite being presented with a detailed non-infringement analysis and a good-faith request to withdraw the APEX complaint, Defendant has failed to do so and has provided no substantive rebuttal or infringement analysis in response.

50. Defendant's conduct constitutes a bad faith assertion of patent infringement in violation of the Arizona Patent Troll Prevention Act (A.R.S. §§ 44-1421 et seq.).

51. Defendant's response did not include any meaningful claim chart, element-

COMPLAINT FOR DECLARATORY JUDGMENT

by-element comparison, or factual allegations explaining how Plaintiff's products meet the specific limitations of any asserted claim of the '895 Patent. The Accused Products are publicly available and clearly lack key structural elements required by the patent claims.

52. Upon information and belief, Defendant first listed a product corresponding to the '895 Patent on Amazon on or about February 10, 2025—approximately one week after Plaintiff's products were removed from the platform on February 3, 2025.

53. Defendant used its bad faith patent infringement complaint to cause the improper removal of Plaintiff's competing products from Amazon, and then subsequently listed its own competing product to unfairly capture sales opportunities that rightfully belonged to Plaintiff.

54. Defendant's violation of the PTPA also constitutes a violation of the Arizona Consumer Fraud Act which prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. See A.R.S. §§ 44-1423; 44-1522.

55. Defendant's acts are unfair and deceptive business practices that threaten the public interest by undermining commercial trust, deterring innovation, and harming investment in lawful e-commerce and product development activities. Plaintiff has suffered actual injury as a result of Defendant's unlawful conduct and is entitled to relief under the PTPA and ACFA, including actual damages and

COMPLAINT FOR DECLARATORY JUDGMENT

injunctive relief prohibiting Defendant from further making bad-faith assertions of infringement concerning the '895 Patent against Plaintiff's Accused Products.

## **PRAYER FOR RELIEF**

56. An award of actual damages and all other relief available under the PTPA and ACFA for Defendant's violations of those statutes;

57. A declaration that Plaintiff's accused products do not infringe any valid or enforceable claim of U.S. Patent No. 11,812,895 B2;

58. A judgment that Defendant's conduct constitutes tortious interference with Plaintiff's existing and prospective business relationships;

59. An award of actual, consequential, and compensatory damages sustained by Plaintiff as a result of Defendant's tortious conduct, including but not limited to lost sales, lost profits, reputational harm, and loss of customer goodwill;

60. Granting preliminary and permanent injunctive relief against Defendant, and ordering Defendant and its officers, directors, agents, counsel, servants, employees, and all persons acting in concert or participation with it to withdraw any Amazon APEX complaint, infringement report, takedown request, or other communication to Amazon or any other e-commerce platform asserting, representing, or otherwise stating that any of Plaintiff's Accused Products infringe U.S. Patent No. 11,812,895 B2, and enjoining Defendant from making or causing to be made any such assertion to Amazon or any other e-commerce platform concerning Plaintiff's Accused

COMPLAINT FOR DECLARATORY JUDGMENT

Products;

61. Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

62. Awarding Plaintiff all damages caused by Defendant's unlawful acts, including but not limited to compensatory, consequential, and punitive damages, as well as pre- and post-judgment interest as provided by law;

63. Ordering Defendant to pay all fees, expenses, and costs associated with this action;

64. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  April 16, 2026                Respectfully submitted,


                                      */s/ Hongchang Deng*
                                      HONGCHANG DENG (*pro hac vice*)
                                      YI YI (*pro hac vice*)
                                      XIANGRU CHEN (*pro hac vice*)
                                      **LawMay P.C.**
                                      2108 N Street, Suite 9124
                                      Sacramento, CA 95816
                                      Telephone: (267) 888-8281
                                      rdeng@lawmayus.com

COMPLAINT FOR DECLARATORY JUDGMENT

yiyi@lawmayus.com
xiangru.chen@lawmayus.com

*Counsel for Plaintiff Shenzhen Huajing International Trade Co., Ltd.*

COMPLAINT FOR DECLARATORY JUDGMENT